# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# ABILENE DIVISION

| | | |
|---|---|---|
| **REBECCA GINDRATT** § | | |
| § | | |
| **Plaintiff,** § | | |
| Vs. § | | Civil Case No. 1:26-CV-00046 |
| § | | |
| § | | |
| **DOUBLETREE EMPLOYER LLC** § | | |
| § | | |
| **Defendant** § | | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, Rebecca Gindratt, complaining of, Defendant, Doubletree Employer, LLC and for cause of action, Plaintiff will show the following:

### I.

### THE PARTIES

**Plaintiff**

1.  Plaintiff, Rebecca Gindratt, is a Texas resident and resides in Taylor County, Texas.

***Defendant***

2.  Defendant Doubletree Employer LLC is a corporation duly authorized to do business in the State of Texas. Defendant may be served with process though its registered agent, Corporation Service Company, dba CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## II.

## JURISDICTION

3.This Court has Jurisdiction over the claim because the Plaintiff has asserted a claim arising under Federal Law; specifically 42. U.S.C. §1981, and 28 U.S.C. §1343. Jurisdiction is also proper as a matter of diversity as the amount in controversy exceeds $75,000.00 USD.

## III.

## VENUE

4.Venue is proper in this district under 42 U.S.C §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this state. Plaintiff worked in Abilene, Texas and was terminated in Abilene, Texas.

## IV.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.Pursuant to the language of 42 U.S.C. § 1981 et seq, there is no administrative filing requirement with any agency under the purview of the United States government, hence no requirement to be met prior to bringing a claim, under this statute, in a court of competent jurisdiction.

6.Pursuant to 28 U.S.C. § 1658(a), there is a four (4) year statute of limitations on any claim brought under 42 U.S.C. § 1981. As the incident made the crux of this case occurred on or about June 15th, 2019, Plaintiff affirms that cause is brought within the statute of limitations.

## V.

## **FACTS**

7. Plaintiff was employed by Defendant as a Security Supervisor at the Hilton Abilene Downtown Convention Center location for approximately two years, earning $47,000 annually.

8. In June 2023, Plaintiff first reported racial discrimination at the workplace.

9. In November 2024, she and six other employees were called into a meeting where General Manager John Kukreja yelled, screamed, and cursed at her and another minority employee. This incident followed complaints about paycheck discrepancies affecting minority employees.

10. Plaintiff observed that direct deposits for minority employees were being altered, causing delays. She escalated these concerns to corporate HR and requested documentation of the meeting, which was denied.

11. In December 2024, she witnessed similar paycheck issues affecting another minority employee, Kirk Scott, who eventually quit due to unresolved concerns.

12. In January 2025, she was informed by the general manager that an investigation into HR Director Stacy Benavidez was underway.

13. In June 2024, Plaintiff requested short-term disability leave due to medical necessity. Her request was denied without explanation, despite not being medically cleared to work. Her job was threatened as a result.

14. In March 2025, after a window was shot out at the hotel, Ms. Benavidez blamed Plaintiff for not handling the insurance claim, even though it was not her responsibility. She was suspended pending investigation.

15. Plaintiff was suspended twice without being given any formal reason. During one suspension, she was told to "stay home with pay" while an investigation was underway, but no findings or outcomes were communicated.

16. She was forced to perform director-level HR duties without compensation. Refusal to comply with off-duty work requests resulted in punitive suspensions.

17. After filing an EEOC complaint in 2024, she was terminated on April 7, 2025, allegedly in retaliation for filing the complaint.

18. Corporate HR allegedly covered up verbal abuse and refused to release documentation of meetings and disciplinary actions.

## VI.

## **RACIAL DISCRIMINATION BY DEFENDANTS, UNDER 42 U.S.C. § 1981**

19. Plaintiff hereby incorporates by reference the preceding paragraphs.

20. Section 1981 prohibits individuals, including other employees, from racial discrimination against an employee. See *Cardenas v. Massey*, 269 F.3d 251, 268 (3d Cir. 2001) ("Although claims against individual supervisors are not permitted under Title VII, this court has found individual liability under § 1981 when [the defendants] intentionally cause an infringement of rights protected by Section 1981, regardless of whether the [employer] may also be held liable."); *Al-Khazraji v. Saint Francis College*, 784 F.2d 505, 518 (3d Cir. 1986) ("employees of a corporation may become personally liable when they intentionally cause an infringement of rights protected by Section 1981, regardless of whether the corporation may also be held liable").

21. Section 1981 prohibits race discrimination & retaliation, which includes African Americans within that ambit. For purposes of Section 1981, African American is a "race". *See Jatoi v. Hurst-Euless Bedford Hosp. Authority*, 807 F.2d 1214, 1218 (5th Cir. 1987); *Banker v. Time Chem., Inc.*, 579 F. Supp. 1183, 1186 (N.D. Ill. 1983).

22. In the absence of direct evidence of discrimination, Section 1981 cases are governed by the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007); *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n.2 (5th Cir. 1999) (noting that Section

1981 claims and Title VII claims use the same burdens of proof and analysis.)

23. First, the plaintiff must establish a *prima facie* case of discrimination, "which requires a showing that the plaintiff (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy*, 492 F.3d at 556; *Caldwell v. Univ. of Houston Sys.*, 520 Fed. Appx. 289, 293 (5th Cir. 2013); *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 425 (5th Cir. 2000).

24. If the plaintiff makes a *prima facie* showing of discrimination, the employer must then provide a legitimate, non-discriminatory reason for the employment action. *Byers*, 209 F.3d at 425. "The burden on the employer at this stage is one of production, not persuasion; it can involve no credibility assessment." *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (quotations and citations omitted).

25. If the employer provides a legitimate, non-discriminatory reason, "the burden shifts back to the plaintiff to establish either: (1) that the employer's proffered reason is not true but is instead a pretext for discrimination; or (2) that the employer's reason, while true, is not the only reason for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." *Id*. (citation omitted). "Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 143 (2000) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 249 (1981)).

26. Plaintiff in the instant case has satisfied her burden of prima face production. Plaintiff (1) is a member of a protected group (African American) ; (2) was qualified for the position at issue, as shown by her employment by the Defendant; (3) was discharged or suffered some adverse employment action by the employer, reflected in her termination; and (4) was replaced by someone outside her protected group or was treated less favorably than other similarly situated employees outside the protected group." see *McCoy.*

27. Moreover, Plaintiff would argue that the purported reason for her termination was pretextual, and that as it relates directly to her race, hence it falls under a protected characteristic.

## VI.

## DAMAGES

28. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following damages including but not limited to back pay, front pay, past and future mental anguish, and attorney's fees. Plaintiff is also entitled to exemplary damage because of the nature of Defendant's conduct.

## VII.

## ATTORNEY'S FEES

29. Plaintiff is entitled to an award of attorney's fees and cost under 42U.S.C §12205.

## VIII.

## JURY DEMAND

30. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, Plaintiff Rebecca Gindratt hereby demands a trial by jury of twelve persons on all claims, issues, and causes of action set forth in this Complaint that are triable of right by a jury.

## IV.

## **PRAYER**

31. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final hearing, Plaintiff recover of and from Defendant her damages as alleged, and further Plaintiff recovers of and from Defendant together with costs and disbursements herein, and pre-judgment and post-judgment interest as allowed by law, and for such other and further relief, either at law or in equity, general or special, to which Plaintiff may be justly entitled.

        Respectfully submitted,

        WALTERS LAW OFFICE PLLC

        */s/ Jonathan J. "Jack" Walters*
        Jonathan J. "Jack" Walters
        State Bar No. 24096307

        3113 S. University Drive, Suite 205
        Fort Worth, Texas 76109
        (682) 747-6800
        (682) 747-6899 facsimile
        jack@walterslawofficepllc.com

        ATTORNEY FOR PLAINTIFF